IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL ACTION |
| v. | : | |
| EDWARD ROSS | : | No. 05-398-1 |

**MEMORANDUM**

PRATTER, J.                                                              MARCH 18, 2022

In 2018, Congress passed the First Step Act, which significantly reduced the maximum potential penalties and mandatory minimum sentences for certain drug crimes. In doing so, Congress chose not to make the new penalties retroactive. Mr. Ross argues that the Court incorrectly "stacked" his sentences under 18 U.S.C. § 924(c), a provision that has since been altered by the First Step Act. However, Mr. Ross's sentences were not "stacked" under the old version of 18 U.S.C. § 924(c). And, even if they had been, the Third Circuit has held that, as a matter of law, the fact of altered penalties cannot count as an extraordinary and compelling reason for compassionate release. Therefore, the Court denies Mr. Ross's motion.

### BACKGROUND

Edward Ross is currently serving a 40–year sentence after a federal jury found him guilty of ten drug-related and firearms offenses.[1] Mr. Ross was a drug dealer in Chester, Pennsylvania. During the spring of 2004, an undercover detective made a series of cocaine purchases from Mr. Ross. After each purchase, Mr. Ross left 2115 Madison Street and drove directly to an agreed upon location. On the fifth and final purchase, the detectives obtained a search warrant for 2115 Madison

---

[1] For a fuller recounting of the facts at trial, see *United States v. Ross*, No. 05-cr-398, 2007 WL 2571620, at *1–2 (E.D. Pa. Aug. 31, 2007).

Street before the purchase and, when Mr. Ross prepared to leave 2115 Madison, officers arrested him. Officers searched Mr. Ross's car and found four bags of cocaine and a loaded .38 Colt revolver. The police then executed the search warrant at 2115 Madison, discovering two more guns, a .25 caliber semiautomatic handgun, and a 9mm semiautomatic pistol that had been modified to allow the semiautomatic handgun to fire as an automatic weapon. *See United States v. Ross*, 801 F.3d 374, 376 (3d Cir. 2015). A superseding indictment charged Mr. Ross with ten counts, and the case eventually proceeded to a jury trial.

On Counts One through Four of the Superseding Indictment, the jury found Mr. Ross guilty of distribution of cocaine in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C). Mr. Ross was found guilty on Count Five of possession with intent to distribute cocaine in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C). On Count Six, the jury found him guilty of using, carrying, or possessing a firearm (the .38 Colt revolver) in furtherance of a drug crime in violation of 18 U.S.C. § 924(c)(1)(A). The jury also found him guilty of Count Seven, using, carrying, or possessing a machine gun (the modified 9 mm semiautomatic pistol) in furtherance of a drug crime in violation of 18 U.S.C. §§ 924(c)(1)(A)(i) and 924(c)(1)(B)(ii). On Count Eight, the jury found him guilty of possession of a machine gun in violation of 18 U.S.C. § 922(o)(1) and, on Counts Nine and Ten, guilty as a felon in possession of firearms in violation of 18 U.S.C. § 922(g)(1).

At sentencing, the Government dismissed Counts Six and Nine, as these counts merged with Counts Seven and Ten, respectively. *See* Doc. No. 78, at 2–3; Doc. No. 96. The Court sentenced Mr. Ross to *concurrent* terms of 10 years' imprisonment on Counts One, Two, Three, Four, Five, Eight, and Ten and a *consecutive* term of 30 years' imprisonment on Count Seven. Doc. No. 96; *see also Ross*, 801 F.3d at 377 (explaining Mr. Ross's sentence in detail). The Court

also imposed eight years of supervised release, a $3,000 fine, and an $800 special assessment ($100 for each of the eight counts). Doc. No. 96.

Mr. Ross filed a direct appeal, challenging various counts on numerous grounds. The Third Circuit Court of Appeals rejected his arguments and affirmed his convictions. *United States v. Ross*, 323 F. App'x 117, 120 (3d Cir. 2009). Mr. Ross subsequently collaterally attacked his sentence under 28 U.S.C. § 2255. The Third Circuit also rejected Mr. Ross's collateral attack. *Ross*, 801 F.3d at 383.

Mr. Ross now seeks compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i) arguing that there are "extraordinary and compelling reasons" to reduce his sentence. The Government opposes Mr. Ross's motion. The motion is ripe.

## Legal Standard

For the most part, courts "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). In limited circumstances, however, a court can reduce a sentence for "extraordinary and compelling reasons." § 3582(c)(1)(A)(i). To count as extraordinary, the reason must be "[b]eyond what is usual, customary, regular, or common." *Extraordinary* (def. 1), *Black's Law Dictionary* (11th ed. 2019). To be compelling, the reason must be "irresistible," such that the court is "oblige[d]" or "force[d]" to reduce the sentence. *Compelling* (def. b.), in *Oxford English Dictionary* (2d ed. 1989); *Compel* (def. 1) in *id.* Examples of potential "extraordinary and compelling" reasons include terminal medical conditions, complications arising from old age, or difficult family circumstances. U.S.S.G. § 1B1.13 app. n. 1.[2] Once the prisoner has shown an extraordinary and compelling reason to warrant a sentence reduction, the Court must then consider

---

[2] On its face, U.S.S.G. § 1B1.13 governs a "motion of the Director of the Bureau of Prisons" for compassionate release. Thus, this "policy statement is not binding on prisoner-initiated motions." *United States v. Andrews*, 12 F.4th 255, 260 (3d Cir. 2021). Still, it is highly persuasive authority that "sheds light on the meaning of extraordinary and compelling reasons." *Id.*

3

the sentencing factors, set out in 18 U.S.C. § 3553, to decide if the sentence *should* be reduced, and by how much. 18 U.S.C. § 3582(c)(1)(A).[3]

## DISCUSSION

Mr. Ross seeks compassionate release, claiming that his 30-year sentence would not have been imposed under the new First Step Act, which President Trump signed into law in 2018. First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194. Mr. Ross argues that the First Step Act altered the law as to Count Seven, the conviction for which he was sentenced to 30 years. Doc. No. 131, at 4–5.

The Government opposes Mr. Ross's motion for two reasons. First, the Government argues that while the First Step Act did alter *other* portions of 18 U.S.C. § 924(c), it did not alter § 924(c)(1)(B)(ii), the portion pertaining to using, carrying, or possessing a machine gun during a drug crime. Second, the Government argues that, even if the First Step Act *had* altered § 924(c)(1)(B)(ii), the Third Circuit Court of Appeals has held that the new penalties established by the First Step act do not constate an extraordinary and compelling reason for release. The Government is correct on both points.

### I. The First Step Act Did Not Alter 18 U.S.C. § 924(c)(1)(B)(ii)

Mr. Ross argues that the First Step Act of 2018 changed the types of prior offenses that trigger sentencing enhancements under 18 U.S.C. § 924(c). Mr. Ross is correct about the change in law, but wrong about its application to his case.

The First Step Act of 2018 did, indeed, alter the existing legal landscape for drug crimes and firearms offenses related to drug crimes, just not the portions relevant to Mr. Ross's challenge

---

[3] The prisoner also must have "fully exhausted" his administrative remedies within the prison before applying to the court. 18 U.S.C. § 3582(c)(1)(A). The parties do not dispute that Mr. Ross has done so here.

here. Prior to the First Step Act, a defendant who had a "second or subsequent conviction" of using, carrying, or possessing a firearm during a drug crime had 25 years automatically added to his sentence. 18 U.S.C. § 924(c)(1)(C)(i) (2006). Under the old version of this subsection, a Court was required to impose a consecutive 25-year term for each successive conviction under §924(c)(1)(C)(i) even if all the offenses were prosecuted in the same case. *See Deal v. United States*, 508 U.S. 129, 132 (1993). This was known as "stacking." The First Step Act altered and clarified this subsection to state that the 25-year mandatory minimum applies only if the defendant already has a prior *final conviction* for carrying a gun during a drug offense. 18 U.S.C. § 924(c)(1)(C)(i) (2018); First Step Act of 2018 § 403; *accord United States v. Davis*, 139 S. Ct. 2319, 2324 n.1 (2019).

Critically, however, this altered section of 18 U.S.C. 394(c) is not the portion under which Mr. Ross was sentenced to 30-years' imprisonment for Count Seven. Instead, Mr. Ross was sentenced under 18 U.S.C. § 924(c)(1)(B)(ii). Doc. No. 96. That subsection of the United States Code provides a 30-year mandatory minimum sentence for a person convicted of using, carrying, or possessing a machine gun during a drug crime. The First Step Act of 2018 did not alter that subsection of 18 U.S.C § 924(c) in any way. *Compare* 18 U.S.C. § 924(c)(1)(B) (2006), *with* 18 U.S.C. § 924(c)(1)(B) (2018), *and* First Step Act of 2018 § 403.

Mr. Ross's argument is based on a mistaken understanding of the provisions of which he was convicted and sentenced. The Court denies his motion for compassionate release on this basis.

### II. The First Step Act's Retroactive Sentence Reductions Do Not Constitute "Extraordinary and Compelling" Reasons for Compassionate Release Under Third Circuit Precedent

Even if it were true, however, that the First Step Act had altered the portion of 18 U.S.C. § 924(c) under which Mr. Ross was sentenced for Count Seven (which it did not), that would still not provide a basis for compassionate release under binding Third Circuit precedent.

5

In passing the First Step Act, Congress chose not to make the altered sentencing under 18 U.S.C. § 924(c)(1)(C) retroactive. Instead, Congress directed that "the amendments made by this section[ ] shall apply to any offense that was committed before the date of enactment of this Act, if a sentence for the offense has not been imposed as of such date of enactment." First Step Act of 2018 § 403. In other words, the changes to § 924(c)(1)(C) would apply to crimes committed *before* the First Step Act was passed, but only if the person had not yet been sentenced. *See United States v. Andrews*, 12 F.4th 255, 261 (3d Cir. 2021).

Mr. Ross both committed the crime and was sentenced by the Court before the First Step Act was signed into law in 2018. Thus, the basis of his motion on this point is that the subsequent alterations to § 924(c) provide an "extraordinary and compelling" reason for the Court to grant his compassionate release. Some Courts of Appeals, following similar reasoning, have treated changed penalties as an extraordinary and compelling reason for release. *See United States v. McCoy*, 981 F.3d 271, 285–86 (4th Cir. 2020); *United States v. Maumau*, 993 F.3d 821, 837 (10th Cir. 2021). But the Third Circuit, joining two other sister courts, has not. *See United States v. Andrews*, 12 F.4th 255, 261 (3d Cir. 2021); *accord United States v. Jarvis*, 999 F.3d 442, 443–44 (6th Cir. 2021); *United States v. Thacker*, 4 F.4th 569, 574 (7th Cir. 2021). Thus even if the altered portion of 18 U.S.C. § 924(c)(1)(C) were before this Court, which it is not, the changes to it would not provide a basis for this Court to grant a motion for compassionate release.

## Conclusion

For the foregoing reasons, the Court denies Mr. Ross's motion for compassionate release.

BY THE COURT:

/s/ Gene E.K. Pratter
GENE E.K. PRATTER
UNITED STATES DISTRICT JUDGE