IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL ACTION** |
| | : | |
| v. | : | |
| | : | No. 05-cr-398 |
| **EDWARD ROSS** | : | |
| | : | |

<u>**MEMORANDUM**</u>

**KENNEY, J.**                                                                                                            **AUGUST 14, 2024**

In his Motion (ECF No. 136), Petitioner Ross asks this Court to grant him equitable relief and/or relief from its prior judgment denying habeas corpus relief under Federal Rules of Civil Procedure ("Rule") 60(b)(4) and 60(b)(6), Article III of the United States Constitution, and 28 U.S.C. § 2243. ECF No. 136 ¶ 1. As described in more detail below, Petitioner's claims under Rule 60(b)(4) and 60(b)(6) are untimely, and will be denied on that basis. Additionally, Article III and 28 U.S.C. § 2243 are not viable avenues to the relief Petitioner seeks.

**A. Petitioner's 60(b) Motion is a "true" Rule 60(b) Motion.**

Because this is a federal habeas action, the Court must evaluate whether the Rule 60(b) Motion is an unauthorized second or successive habeas petition. That is because the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), codified in relevant part at 28 U.S.C. § 2244, mandates that before a prisoner may file a second or successive habeas petition in which he challenges a judgment of sentence that he previously challenged in a federal habeas action, he must first obtain an order from the appropriate court of appeals authorizing the district court to consider the application. 28 U.S.C. § 2244(b)(3)(A); *see, e.g.*, *Magwood v. Patterson*, 561 U.S. 320, 330-31 (2010), *United States v. Winkelman*, 746 F.3d 134, 135 (3d Cir. 2014), *In re Pendleton*, 732 F.3d 280, 282 (3d Cir. 2013) (per curiam). Importantly, AEDPA's allocation of "gatekeeping"

responsibilities to the courts of appeals has divested district courts of jurisdiction over habeas applications that are second or successive. *See Burton v. Stewart*, 549 U.S. 147, 149, 152 (2007).

In *Gonzalez v. Crosby*, 545 U.S. 524 (2005), the United States Supreme Court addressed the circumstances in which the utilization of Rule 60(b) is "inconsistent with" AEDPA's second or successive petition requirements and, therefore, not available to a prisoner seeking habeas relief. It explained that a Rule 60(b) motion must be construed as a "second or successive habeas corpus application" when it advances one or more "claims." *Id.*, 545 U.S. at 531-32 (quoting § 2244(b)(1) and (2)). "In most cases," the Supreme Court observed, "determining whether a Rule 60(b) motion advances one or more 'claims' will be relatively simple." *Id.* at 532. "A motion that seeks to add a new ground for relief . . . will of course qualify." *Id.* The Supreme Court further instructed that a petitioner is also advancing a habeas claim in a Rule 60(b) motion if he "attacks the federal court's previous resolution of a claim on the merits, since alleging that the court erred in denying habeas relief on the merits is effectively indistinguishable from alleging that the movant is, under the substantive provisions of the statutes, entitled to habeas relief." *Id.* (footnote omitted). Similarly, a motion that seeks to present newly discovered evidence in support of a claim that was previously denied represents a habeas claim. *Id.*

In contrast, a motion is a "true" Rule 60(b) motion if it challenges a procedural ruling made by the district court that precluded a merits determination of the habeas petition, or "challenges a defect in the integrity of the federal habeas proceedings," such as an assertion that the opposing party committed fraud upon the court. *Id.* at 532 & n.4.

As a threshold issue, the Court must determine whether Petitioner's 60(b) Motion is a "true" Rule 60(b) motion or if it should be categorized as a "successive habeas petition." *See Hill v. Price*, No. 98-CV-1769, 2022 WL 294547, at *2–3 (E.D. Pa. Feb. 1, 2022). Here, Petitioner

challenges the Court's "failure to conduct an evidentiary hearing with respect to Claim 1 of his [habeas] petition." ECF No. 136 at 1. As such, the challenge is not a successive habeas petition but rather a "true" Rule 60(b) Motion because it challenges a defect in the federal habeas proceedings; therefore, the Court may exercise jurisdiction over Petitioner's 60(b) Motion. *See, e.g.*, *Harper v. Vaughn*, 272 F. Supp. 2d 527, 537-38 (E.D. Pa. 2003) (exercising jurisdiction over 60(b) motion challenging a court's failure to conduct an evidentiary hearing in the underlying habeas proceeding).

### B. Petitioner's claims under Rule 60(b)(4) and Rule 60(b)(6) are untimely.

Under Rule 60(b), a party may seek relief from a final judgment under a limited set of circumstances, including: "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief." Additionally, Rule 60(c)(1) provides that "[a] motion under Rule 60(b) must be made within a reasonable time—and for reasons (1), (2), and (3) no more than a year after the entry of judgment or order or the date of proceeding."

Here, Petitioner seeks relief through Rule 60(b)(4) and (b)(6).[1] However, Petitioner cannot obtain relief under either, as his requests are untimely. Although Rule 60(b)(4) and 60(b)(6)

---

[1] Petitioner contends that the judgment is void because the Court failed to hold an evidentiary hearing on Claim I in his § 2255 petition, which meant that the Court "acted in a manner inconsistent with due process of law" under Rule 60(b)(4). Due to the nature of Petitioner's request, it could be construed as a Rule 59(e) motion. *See United States v. Fiorelli*, 337 F.3d 282, 288 (3d Cir. 2003) (finding that the petitioner's 60(b) motion, which argued that the District

3

motions may be presented more than a year after the entry of judgment if "extraordinary circumstances" exist, Petitioner bears the burden of establishing those circumstances. *See Gordon v. Monoson*, 239 Fed. App'x 710, 713 (3d Cir. 2007) ("A motion under Rule 60(b)(6) filed more than a year after final judgment is generally untimely unless 'extraordinary circumstances' excuse the party's failure to proceed sooner."); *Bracey v. Superintendent Rockview SCI*, 986 F.3d 274, 284 (3d Cir. 2021) (explaining that a petitioner "bears the burden of establishing entitlement to [] equitable relief" under Rule 60(b)). Here, Petitioner's Motion was filed seven years after judgment, and Petitioner fails to identify any extraordinary circumstances justifying the delay. Accordingly, Petitioner's request for relief under Rule 60(b)(4) and (b)(6) is denied.

### C. Neither Article III nor 28 U.S.C. § 2243 provide Petitioner with avenues to the relief he seeks.

In the alternative, Petitioner argues that he should be afforded relief under the Court's "inherent equitable powers" under Article III, or under 28 U.S.C. § 2243. *See* ECF No. 136 ¶ 13 (arguing that Petitioner "may also seek relief proceeding directly under Article III of the Constitution," as Article III "confers upon a District Court inherent equitable powers over its own judgment"), ¶ 18 (arguing that "in habeas proceedings, a District Court has plenary equitable powers over its own judgments deriving from 28 U.S.C. § 2243, which instructs District Courts to decide habeas cases 'as law and justice require.'"). Petitioner cannot seek relief from judgment

---

Court committed an error of law by failing to conduct an evidentiary hearing on his claim, alleged an "error of law" and was attempting to "relitigate the original issue" and therefore should be construed as a request under Rule 59(e)).

However, even if Petitioner's Motion was construed as a Rule 59(e) motion, it would be untimely. Under Rule 59(e), any motion to alter or amend a judgment must be filed no later than 10 days after the entry of judgment. Fed. R. Civ. P. 59(e); *see also Lizardo v. United States*, 619 F.3d 273, 276 (3d Cir. 2010). Petitioner's motion—which was filed over *seven years* after judgment was entered here—is clearly untimely. ECF No. 128 (dismissing Mr. Ross's § 2255 motion on March 24, 2016), ECF No. 136 (instant motion seeking relief from judgment filed on November 1, 2023).

under "Article III," and his attempt to do so is frivolous. *See Wells v. Wynder*, No. 07-239, 2007 WL 1366792, at *4 (E.D. Pa. May 8, 2007) (finding the petitioner's argument that a federal court can provide him with relief from judgment under Article III "wholly without merit.").

Additionally, 28 U.S.C. § 2243 is inapplicable here, as that statute "does not authorize a federal court to revisit its habeas judgments." *Prout v. Varner*, No. CIVA 07-4202, 2008 WL 591048, at *7 (E.D. Pa. Feb. 29, 2008) (citations omitted); *see also Devon v. Wynder Warden S.C.I.D.*, No. CIV. A. 07-1729, 2007 WL 2493694, at *2 (E.D. Pa. Aug. 27, 2007) ("Section 2243, directing the court to 'summarily hear and determine the facts, and dispose of [a petition for a writ of habeas corpus] as law and justice require,' does not authorize the court to reopen a prior habeas judgment.") (citations omitted); *Wells*, 2007 WL 1366792, at *4 ("[Section 2243] has no bearing whatsoever on this Court's authority to 're-open[ ]' or 'revise' its judgment dismissing petitioner's pro se habeas petition or its judgment dismissing petitioner's pro se Petition/Motion.").

Accordingly, Petitioner's Motion is denied.

BY THE COURT:

/s/ Chad F. Kenney

**CHAD F. KENNEY, JUDGE**

5